UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRE SIME,<br><br>    Plaintiff,<br><br>    v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 15-cv-01841-JCS<br><br>**ORDER FINDING COMPLAINT SUFFICIENT UNDER 28 U.S.C. § 1915 AND REQUIRING SERVICE BY THE U.S. MARSHALL**<br><br>Re: Dkt. No. 1 |

## I.  INTRODUCTION

Plaintiff Demetre Sime has filed a Complaint against I.Q. Data International, Inc. ("I.Q. Data") for violations of the Fair Debt Collection Practices Act ("FDCPA"). Having granted Plaintiff's application to proceed in forma pauperis, the Court now reviews the sufficiency of the Complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the Complaint is sufficient under 28 U.S.C. § 1915(e)(2)(B).[1]

## II.  BACKGROUND

### A.  Facts Alleged[2]

The events leading to Defendant's alleged FDCPA violations began in September 2012, when Plaintiff incurred a debt to her landlord. Compl. at 3. On November 7, 2012, the Superior Court of California in Contra Costa County entered a default judgment against Plaintiff solely for restitution of the premises. *Id*. at 2–4. However, on December 11, 2012, Plaintiff and her landlord, Rosecomp LLC, signed a settlement agreement in which "Rosecomp stipulated to set

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
[2] The following factual background is based on the allegations of Sime's Complaint, which the Court takes as true for the limited purpose of assessing the sufficiency of the Complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

aside default judgment and expressly waived all claims to the debt on the condition that Plaintiff submit a $1797.00 payment, surrender possession, and vacate the premises by the agreed upon date." *Id*. at 4. Plaintiff fully performed her obligations under the settlement agreement, and on February 1, 2013, Rosecomp filed a Request for Entry of Dismissal of the November 7, 2012 action against Plaintiff. *Id*.

Plaintiff alleges that the debt, which she no longer owed, was nonetheless assigned to I.Q. Data for collection and that I.Q. Data reported the debt to credit reporting agencies. Compl. at 2–4. Plaintiff's rental applications were being "relentlessly rejected wherever they applied." *Id*. at 4. In March 2013, Plaintiff moved with her two children and two grandchildren into a one-room motel. *Id*. at 2–4. Then on July 24, 2014, Plaintiff was informed that one of her recent rental applications–to Riverstone Apartments–was rejected "because her On-Site credit report contained an entry from I.Q. Data reporting a $3,594.00 principal balance owed, and an additional $541.00 in interest." *Id*. at 5. A Riverstone Apartments employee told Plaintiff that "the only thing preventing her from being eligible for a two-bedroom unit at Riverstone was the debt reported by I.Q. Data" and directed Plaintiff to contact I.Q. Data. *Id.* I.Q. Data is alleged to be in the business of regularly collecting debts of others through U.S. Mail, phone, and the Internet. *Id.* On-Site is alleged to be a reseller of consumer data who obtained Plaintiff's consumer information from Experian. *Id*.

The week following July 24, 2014, Plaintiff contacted I.Q. Data to dispute the debt, but I.Q. Data insisted that Plaintiff still owed the debt and needed to pay it. Compl. at 5. Plaintiff "contacted I.Q. Data more than fifteen times over the phone, provided multiple faxed copies of the Settlement, and repeatedly explained that she did not owe the debt." *Id.* Plaintiff alleges that the Settlement showed "that all claims for back debt were waived by Rosecomp." *Id.* Plaintiff alleges that "notwithstanding the Settlement showing Plaintiff does not owe the debt, I.Q. Data customer service representatives told Plaintiff over the phone, on multiple occasions, that the Settlement did not apply to Plaintiff's obligation and told Plaintiff, 'you still owe this debt' and 'you must pay it now.'" *Id.*

On October 13, 2014, Plaintiff received notice from Contra Costa County's Housing

1   Authority that she would lose her Section 8 Housing Choice Voucher if she was unable to secure
2   rental housing before November 11, 2014.  Compl. at 6.  On October 23, 2014, Plaintiff sent
3   letters to I.Q. Data and On-Site disputing the reported debt, but I.Q. Data still refused to change
4   the status of the debt and asked Plaintiff to pay the debt:  on October 28, 2014, I.Q. Data told
5   Plaintiff's attorney that "notwithstanding the Settlement agreement, Plaintiff owed the money and
6   'needed to pay it now.'"  *Id.*  On October 29, 2014, Plaintiff's attorney also demanded Waypoint
7   Homes California ("Waypoint"), doing business as Rosecomp, to remedy its illegal assignment of
8   a debt that Plaintiff did not owe to I.Q. Data.  *Id.*  Then on October 30, 2014, Plaintiff's attorney
9   called I.Q. Data again and was informed that I.Q. Data was no longer collecting debts for
10  Waypoint and that I.Q. Data "would 'send an update to the credit reporting agencies.'"  *Id.*

On December 1, 2014, Plaintiff requested a credit report from Experian to verify that I.Q. Data was no longer reporting the debt, but the debt was still being reported on her Experian credit report.  Compl. at 6.  Plaintiff wrote a letter to Experian disputing the debt, and on December 30, 2014, Experian responded, "stating that it had removed the I.Q. Data account from Plaintiff's credit file."  *Id.*

However, by then, Plaintiff's Section 8 voucher had expired, since she was not able to secure rental housing by the November 11, 2014 deadline.  Compl. at 6.  Plaintiff alleges that the loss of her Section 8 voucher was a direct result of her inability to find rental housing, and in this case, Plaintiff could not even pass the basic credit check to secure housing, due to Defendant's error.  *Id.* at 6–7.  In addition, as a result of Defendant's refusal to correct the status of Plaintiff's debt and insistence that Plaintiff pay the debt, Plaintiff suffered emotional distress including severe anxiety and insomnia.  *Id.* at 6.

**B.   Claim and Requested Relief**

Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692 *et seq*.  Plaintiff alleges that by reporting to credit bureaus a debt that Defendant had no right to collect, telling Plaintiff that she owed the debt, and failing to update the credit reporting information after receiving a copy of the settlement extinguishing the debt, Defendant violated sections 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1) of the FDCPA.  As relief, Plaintiff requests actual damages,

3

statutory damages, costs and attorney's fees pursuant to 15 U.S.C. 1692k.

**III.    LEGAL STANDARD**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and granted leave to proceed in forma pauperis, courts must dismiss any claims which:  (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

A complaint is "frivolous" under § 1915 when the court has no subject matter jurisdiction.  *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).  Federal courts have limited jurisdiction and may hear only cases where Congress has granted jurisdiction by statute.  Two commonly invoked jurisdictional statutes are 28 U.S.C. § 1331 ("federal question jurisdiction") and 28 U.S.C. § 1332 ("diversity jurisdiction").  Section 1331 provides jurisdiction to hear cases that "arise under" the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  A case "arises under" federal law when federal law creates the cause of action or the vindication of a right under state law necessarily turns on some construction of federal law.  *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002).  The existence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  Section 1332 grants jurisdiction to hear cases where no plaintiffs are citizens of the same state as any defendants and the amount in controversy is more than $75,000.  *See* 28 U.S.C. § 1332.

A complaint states a claim upon which relief may be granted if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that lacks such a statement must be dismissed.  In determining whether a complaint states a claim for relief, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The question is whether the factual allegations, accepted as true, state a claim to relief that is "plausible on its face."  *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Detailed factual allegations are not necessary, but the allegations must be more than "labels and conclusions" or "formulaic recitations[s] of the elements." *Id.*

## IV.     ANALYSIS

To state a claim under the FDCPA, a plaintiff must allege facts supporting a reasonable inference that (1) the defendant was a debt collector and (2) it engaged in practices prohibited under the FDCPA in attempt to collect a debt. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010); *Lohse v. Nationstar Mortgage*, No. 14-CV-00514-JCS, 2014 WL 5358966, at *6 (N.D. Cal. Oct. 20, 2014).

### A.     Debt Collector Status

Here, the Complaint sufficiently alleges the first element. Plaintiff alleges that her supposed debt for unpaid rent in the amount of $3,594.00 and $541.00 in interest was assigned to I.Q. Data for collection, and that I.Q. Data is in the business of "regularly collecting debts alleged to be due another by utilizing U.S. Mail, telephone, and Internet." Compl. at 2, 5. Courts have found similar allegations to be sufficient. *See Oei v. N. Star Capital Acquisitions, LLC,* 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006) (complaint alleging that defendant is "a limited liability corporation doing business of collecting debts," "engaged in the collection of debts from consumers," and "regularly attempts to collect consumer debt" sufficient alleges that defendant is a "debt collector"); *Boatley v. Diem Corp.*, No. CIV. 03-0762-PHX-SMM, 2004 WL 5315892, at *1 (D. Ariz. Mar. 24, 2004) (granting plaintiff summary judgment on her FDCPA claim where plaintiff's delinquent rent obligation was assigned to defendant, "an Arizona Corporation engaged in the business of collecting debts"); *Lohse v. Nationstar Mortgage*, No. 14-CV-00514-JCS, 2014 WL 5358966, at *8 (N.D. Cal. Oct. 20, 2014) (denying defendant's motion to dismiss where plaintiff alleged that defendant was "a foreign corporation engaged in the business of collecting debt in this state" and defendant "ha[d] not established, as a matter of law, that it is not a 'debt collector' under the facts alleged"). Thus, the Complaint sufficiently alleges that I.Q. Data is a debt collector under the FDCPA.

**B. Violations**

Plaintiff alleges that I.Q. Data engaged in prohibited practices under sections 1692e and 1692f of the FDCPA.

### 1. Section 1692e

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff specifically alleges violations of § 1692e(2)(A) ("the false representation of…the character, amount, or legal status of any debt"); § 1692e(8) ("Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"); and § 1692e(10) ("use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"). Plaintiff has sufficiently pled a violation of § 1692e and in particular §§ 1692e(2)(A), 1692e(8), and 1692e(10).

#### a. Section 1692e(2)(A)

Plaintiff has sufficiently stated a violation of § 1692e(2)(A): the false representation of the character, amount, or legal status of any debt. A "debt" under the FDCPA includes rent owed to one's landlord for provision of housing (Compl. at 3). *See* 15 U.S.C. § 1692a(5) (defining a debt as any obligation or alleged obligation of a consumer–a person allegedly obligated to pay a debt– to pay money arising out of a transaction entered into primarily for personal, family, or household purposes, whether or not the obligation is reduced to judgment); *Boatley*, 2004 WL 5315892, at *1 (granting plaintiff summary judgment where the debt in question was a rent obligation). In addition, a false representation under § 1692e(2)(A) does not need to be knowing or intentional to establish a prima facie case–the fact that a defendant made a representation and the representation was false is sufficient. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) (FDCPA is a strict liability statute and applying strict liability to § 1692e(2)(A)). Here, Plaintiff's allegation that I.Q. Data told Plaintiff as well as credit reporting agencies that Plaintiff owed a debt for rent when Plaintiff did not owe such a debt (Compl. at 9) states a violation under § 1692e(2)(A). *See Clark*, 460 F.3d at 1176 (debt collectors could be liable under § 1692e(2)(A) for

sending plaintiffs collection notices on debt that plaintiffs did not owe, regardless of whether debt collectors knew that the debt was invalid).

### b. Section 1692e(8)

Likewise, Plaintiff's allegation that I.Q. Data continued to report Plaintiff's debt and failed to correct the credit information even after seeing the agreement extinguishing the debt states a violation under § 1692e(8).[3] Section 1692e(8) prohibits communicating "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Plaintiff alleges in the week following July 24, 2014, when she was rejected from the Riverstone Apartments, she provided I.Q. Data copies of the "Settlement extinguishing the debt"–"showing that all claims for back debt were waived by Rosecomp" and "showing Plaintiff does not owe the debt." Compl. at 5, 9. Yet, I.Q. Data "continued to report the debt" and "failed to update the credit reporting information." Compl. at 9. Four months later, around December 1, 2014, "the debt was still being reported." Compl. at 6. Based on these allegations, it is reasonable to infer that I.Q. Data knew or should have known that the debt was invalid, and thus its failure to discontinue reporting the debt violates § 1692e(8). *See Boatley*, 2004 WL 5315892, at *3 (granting plaintiff summary judgment under 1692e(8) where after plaintiff notified defendant that she disputed the amount of debt listed on her consumer report, "Plaintiff's consumer report was not amended to indicate the disputed status of the debt").

### c. Section 1692e(10)

Plaintiff sufficiently states a violation of § 1692e(10): "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The false representation does not have to be knowing or intentional to establish a prima facie violation. *See Clark*, 460 F.3d at 1176. Thus, I.Q. Data's alleged attempt "to collect the debt from Plaintiff by reporting the debt to credit reporting

---

[3] The same act can give rise to liability under multiple sections and subsections under the FDCPA. *See Clark*, 460 F.3d at 1177 ("one action can give rise to multiple violations of the [FDCPA]," but a plaintiff is not necessarily awarded damages for each violation when multiple violations are based on the same act).

agencies" and insisting to Plaintiff that she owed the debt where Plaintiff did not owe the debt (Compl. at 4–5) alleges a false representation in attempt to collect debt in violation of § 1692e(10). *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (describing § 1692e(10) as "a 'catchall' provision," recognizing that a violation of e(5) is a per se violation of e(10)); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1228 (C.D. Cal. 2007) (finding that defendant could be liable under § 1692e(8), where defendant acted on behalf of creditors who collect debts "by reporting allegedly delinquent debts to credit reporting agencies").

### 2. Section 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means" in attempt to collect a debt. 15 U.S.C. § 1692f. Plaintiff alleges a specific violation of § 1692f(1)– "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff's same allegation–that I.Q. Data told Plaintiff and credit bureaus that Plaintiff owed a debt for rent when Plaintiff did not owe such a debt–also supports a claim that I.Q. Data sought to collect an amount it had no right to collect in violation of § 1692f(1). *See Clark*, 460 F.3d at 1178 ("when Capital pursues a debt it knows is overstated, Capital simultaneously misrepresents the debt in contravention of § 1692e and seeks to collect an amount that is not permitted by law in contravention of § 1692f(1)"). Section 1692f(1) prohibits the attempt to collect any amount of money absent affirmative authorization either by the law or by an agreement creating the debt. *See W. v. Costen*, 558 F. Supp. 564, 582 (W.D. Va. 1983) (section 1692f(1) requires affirmative authorization by law or by an agreement creating the debt that expressly authorizes the debt). Here, in the face of an allegedly valid agreement expressly "extinguishing the debt," further pursuit of the amount, after becoming aware of such an agreement extinguishing the debt, triggers a violation of § 1692f(1). Thus, Plaintiff has sufficiently stated a violation under § 1692f and in particular § 1692f(1).

### V. CONCLUSION

For the reasons stated above, Plaintiff's claims are sufficient to survive the Court's preliminary review under 28 U.S.C. § 1915. Accordingly, the U.S. Marshal shall serve the

1  Complaint, a copy of this Order, and any scheduling orders on Defendant.

2  **IT IS SO ORDERED.**

3  Dated: June 19, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge